**Keith D. Karnes**, OSB #033521
keith@keithkarnes.com
**Karnes Law Offices, PC**
1860 Hawthorne Ave. N.E., Ste. 10
Salem, OR 97301
Telephone (503) 385-8888
Fax (503) 385-8899

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **PEGGY KARNES,** | Case No. 14-cv-00890 |
| Plaintiff, | |
| | COMPLAINT |
| v. | Fair Debt Collection Practices Act |
| | (15 U.S.C. § 1692) |
| | Unfair Trade Practices Act |
| **AFNI, INC.; and AT&T, INC.,** | (ORS 646.608 et seq.) |
| Defendants. | DEMAND FOR JURY TRIAL |

_____

JURISDICTION AND VENUE

1.

Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.

This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Oregon Unlawful Trade Practices Act, ORS 646.608 et seq. ("UTPA").

COMPLAINT-1

3.

Venue is proper in this District because the acts and transactions occurred in this district and Plaintiff resides here in Marion County, which is within this district.

## PARTIES

4.

Plaintiff Peggy Karnes is a natural person who resides in the City of Salem, Oregon and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.

Defendant AFNI, Inc. (hereinafter "AFNI") is an Illinois corporation that is licensed to do business in the State of Oregon and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.

Defendant AT&T, Inc. (hereinafter "AT&T") is a corporation whose principal place of business is in Bedminster, New Jersey.

## FACTUAL ALLEGATIONS

7.

Plaintiff has never entered into a contract with Defendant AT&T for goods or services.

8.

Defendant AT&T attempted to collect from Plaintiff for a bill that she did not incur.

9.

At all times relevant, Plaintiff disputed the debt alleged by Defendant AT&T.

10.

At all times relevant, Plaintiff informed Defendant AFNI that she had not entered into a

COMPLAINT-2

contract with Defendant AT&T for goods and services.

11.

On December 14, 2013, Defendant AFNI sent a letter to Plaintiff in an attempt to collect an alleged $821.80 debt to Defendant AT&T for a telephone account.

12.

On January 10, 2014, Plaintiff faxed documents to AT&T's Theft of Identity Department, which reported her claim on identity theft and fraud and disputed the alleged $821.80 debt.

13.

On February 3, 2014, Defendant AT&T sent a letter to plaintiff alleging an $821.80 obligation under a bill dated January 1, 2001 for a former telephone account.

14.

Plaintiff informed Defendant AFNI she did not incur the alleged debt.

15.

Despite Plaintiff's communication to Defendant AFNI that she did not incur the alleged debt, Defendant AFNI has continued to collect from Plaintiff.

16.

As a direct and proximate result of Defendants' actions, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, worry, frustration, among other negative emotions.

## TRIAL BY JURY

17.

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

COMPLAINT-3

## CAUSES OF ACTION
## COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (AFNI, INC.)

15 U.S.C. § 1692 *et seq*.

18.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as thoughtfully stated herein.

19.

The foregoing acts and omissions of Defendant AFNI constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f, and 1692f(1).

20.

As a result of Defendant AFNI's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### UNLAWFUL TRADE PRACTICES ACT (AT&T)

ORS 646.608 et seq.

21.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

/ / /

22.

Defendant AT&T knew and should have known that it was seeking fees that plaintiff had not incurred.

23.

The foregoing acts and omissions of Defendant AT&T constitute numerous and multiple violations of the UTPA including, but not limited to, ORS § 646.608(1)(e) and(k).

24.

Defendant AT&T's conduct was a willful violation of the UTPA.

25.

As a result of Defendant AT&T's violations of the UTPA, Plaintiff is entitled to statutory damages, punitive damages, and reasonable attorney's fees and costs pursuant to ORS 646.638.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a. An award of actual damages against each Defendant;

b. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant AFNI, Inc.;

c. An award of punitive damages against Defendant AT&T;

d. An award of costs of litigation and reasonable attorney's fees against each Defendant; and

///

///

///

COMPLAINT-5

    e.   Any such other relief that the Court deems proper.

DATED: June 2, 2014

                                                  <u>/s/ Keith D. Karnes</u>
                                                  Keith D. Karnes
                                                  OSB #033521
                                                  503-362-9393
                                                  Attorney for Plaintiff

COMPLAINT-6